UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DEMETRIUS BRADLEY,                                                                                   Petitioner,

v.                                                                              Civil Action No. 3:14-cv-454-DJH

AARON SMITH, Warden,                                                                               Respondent.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

United States Magistrate Judge Dave Whalin has recommended that Demetrius Bradley's petition for habeas corpus be denied with prejudice, and that the Court deny Bradley a certificate of appealability.  (Docket No. 18)  Following entry of Judge Whalin's Report and Recommendation, Bradley filed motions requesting a certificate of appealability and to alter or amend the judgment.  (D.N. 19, 20)  The Court construes Bradley's motions as general objections to the Report and Recommendation.  After consideration of Bradley's general objections, the Court will accept Judge Whalin's findings of fact and conclusions of law, and will follow his recommendations to deny Bradley's petition deny the certificate of appealability.

**I.**

Following his conviction in Jefferson County Circuit Court and an unsuccessful appeal to the Kentucky Court of Appeals, Petitioner Demetrius Bradley filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (D.N. 1)  The petition was referred to Magistrate Judge Dave Whalin for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  (D.N. 7, 18)

## II.

Nowhere in either of Bradley's motions (D.N. 19, 20) does he claim that Judge Whalin's findings of fact are in error. Because he points to no fact-finding error, and because the Court perceives no such error in its review of the Report and Recommendation, the Court will adopt in full the findings of fact set forth in the Report and Recommendation, which effectively retraces the factual and procedural history of this case. (D.N. 18, PageID # 289-99)

Bradley's motions also fail to cite any legal authority to suggest that the Magistrate Judge erred in finding Bradley's petition is without merit. In his motions, Bradley merely repeats his original claims of ineffective assistance of counsel. The most generous reading the Court can give to the petitioner's motions, therefore, is that they amount to general objections to the Magistrate Judge's findings. Thus, the Court will review the Report and Recommendation in light of Bradley's general objections.

Typically when reviewing a magistrate judge's report and recommendation, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). If a petitioner fails to object, however, then the Court need not "review a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The petitioner also loses the right to appeal if no objection is made. *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see Arn*, 474 U.S. at 155 (holding that the Magistrate's Act does not require such a rule, but that each circuit is within supervisory powers to install such a rule). Moreover, a general objection is insufficient to preserve the right to appeal. *Mensah v. Mich. Dep't of Corr.*, 513 Fed. Appx. 537, 538 (6th Cir. 2013) (citing *Howard v. Sec'y of HHS*, 932 F.2d 505, 508–509 (6th Cir. 1991)). A general objection to the entirety of the report "has the

same effect[] as would a failure to object." *Howard*, 932 F.2d at 509. Bradley's general objections follow from his original petition.

Bradley again complains that his attorney should have investigated the "facts"[1] and moved to suppress recordings of jail house phone calls because they were the result of illegal wiretapping. (D.N. 20, PageID # 318–19) He also claims that his attorney failed to seek suppression of contrary evidence because the attorney had a conflict of interest as a result of representing a co-defendant. These "objections" simply echo the complaints in his original petition. (*See, e.g.*, D.N. 1-1, PageID # 38) But in revisiting these arguments, Bradley fails to make any specific objection to the Magistrate Judge's Report and Recommendation, which found no merit to Bradley's claims. And the Court identifies no error in the magistrate judge's conclusions.

In addition to general objections, Bradley filed a Motion for Certificate of Appealability. (D.N. 19) The Court will deny Bradley's motion because Bradley's general objections are insufficient to preserve the right to appeal. *Mensah*, 513 Fed. Appx. at 538 (citing *Howard*, 932 F.2d at 508–509).

---

[1] These facts include: "(1) no confidential sources; (2) no physical surveillance; (3) no use of search warrants; (4) no interviews of other subjects or trash pulls; (5) no bank records; (6) no drugs found or seized." (D.N. 20, PageID # 319)

## III.   CONCLUSION

Having carefully considered the Magistrate Judge's Report and Recommendations, the record, the applicable law, and the Petitioner's general objections, the Court concludes that the Report and Recommendation is correct, and hereby adopts its findings of fact and conclusions of law.  Accordingly, it is hereby **ORDERED** as follows:

(1) The Motion to Alter or Amend Judgment (D.N. 20) is **DENIED**.

(2) The petition for Writ of Habeas Corpus (D.N. 1) is **DENIED and DISMISSED,** with prejudice.

(3) The Motion for Certificate of Appealability (D.N. 19) is **DENIED**.