UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DEMETRIUS L. BRADLEY,                                                    Petitioner,

v.                                              Civil Action No. 3:14-cv-P454-DJH

AARON SMITH, Warden,                                                    Respondent.

* * * * *

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner Demetrius L. Bradley's *pro se* motion for relief from

judgment (Docket Number (DN) 28) brought pursuant to Rule 60(b) of the Federal Rules of

Civil Procedure and his motion for appointment of counsel (DN 29). For the reasons stated

below, both motions will be denied.

## I.

In 2009, Bradley entered pleas to charges of facilitation to commit criminal syndication,

first-degree trafficking in a controlled substance, first-degree manslaughter, first-degree robbery,

second-degree burglary, first-degree assault, tampering with physical evidence, and facilitation

to criminal attempted murder. *See Bradley v. Commonwealth*, No. 2012-CA-001065-MR,

2014 WL 1778379, at *2 (Ky. Ct. App. May 2, 2014). He was sentenced to 30 years'

imprisonment. In 2010, Bradley filed a motion for post-conviction relief, which was denied

without an evidentiary hearing. *Id.* at *1. The Kentucky Court of Appeals affirmed, and Bradley

did not seek discretionary review. *Id.* at *7.

On June 20, 2014, Bradley filed a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 in this Court (DN 1). Therein, Bradley asserted that the trial court abused its

discretion by not holding an evidentiary hearing as to two claims: (1) that his trial counsel

rendered ineffective assistance by failing to adequately investigate his case; and (2) that he was prejudiced by a dual-representation conflict of interest.  On December 12, 2014, the Magistrate Judge entered his Findings of Fact, Conclusions of Law and Recommendation (Report and Recommendation) (DN 18).  Therein, the Magistrate Judge notified Bradley as follows:  "Within fourteen (14) days after being served a copy of these proposed Findings and Recommendation, any party who wishes to object must file and serve written objections or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 150-51 (1985); 28 U.S.C. § 636(b)(1)(c); Fed. R. Crim. P. 59(b)(2); Fed. R. Civ. P. 72(b)" (DN 18, p. 28).  Bradley did not file any objections to the Report and Recommendation.  However, he did file a motion for a certificate of appealability (DN 19) and a motion to alter or amend judgment (DN 20).  Upon review, this Court construed Bradley's motions as general objections to the Report and Recommendation, adopted the Magistrate Judge's Report and Recommendation, denied and dismissed Bradley's habeas corpus petition with prejudice, and denied a certificate of appealability (DN 21).

Thereafter, Bradley applied to the Sixth Circuit Court of Appeals for a certificate of appealability.  On June 2, 2016, the Sixth Circuit denied Bradley's application for a certificate of appealability (DN 27).  Following the denial of a certificate of appealability by the Sixth Circuit, Bradley filed the present motions for relief from judgment pursuant to Rule 60(b) (DN 28) and for appointment of counsel (DN 29).

In his motion for relief from judgment, Bradley states that "[t]he problem here is the failure to file objections to caution the right to appeal."  He further states that "[t]he integrity points to a knowing and intelligent default on Petitioner this last-resort procedure to ask this court in the interest of justice to allow a possible remedy for failure to object in a timely fashion to magistrate order."  According to Bradley, he "should have [the] opportunity to objection and

2

present his substantive claims to a federal court Rule 60(b)(6) catch all provision is to be liberally construed when substantial justice will this be extraordinary circumstances or whereas this case the judgment may work a[n] undue hardship."  Bradley argues that "[n]o waiver occurs unless the Magistrate expressly informs Petitioner of the 10 days to object will bar review of the matter on appeal."  Thereafter, Bradley raises the same substantive arguments he made in his § 2254 petition and in his application for a certificate of appealability in the Sixth Circuit.  First, he argues that his trial counsel rendered ineffective assistance by failing to adequately investigate his case.  Second, he argues that he was prejudiced by a dual-representation conflict of interest.

## II.

Rule 60(b) of the Federal Rules of Civil Procedure provides relief "from a final judgment, order, or proceeding" in six instances:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief.  Relief under Rule 60(b) "is an 'extraordinary remedy that is granted only in exceptional circumstances.'"  *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (quoting *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence."  *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).  "Relief under Rule 60(b), moreover is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'"  *Doe v. Lexington-Fayette Urban Cty. Gov't*, 407 F.3d

755, 760 (6th Cir. 2005) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

Bradley's argument is that he should be allowed to file specific objections to the Magistrate Judge's Report and Recommendation.  He states that "no waiver occurs unless the Magistrate expressly informs [him] of the 10 days to object will bar review of the matter on appeal."  The Magistrate Judge did specifically and clearly notify Bradley as follows:  "Within fourteen (14) days after being served a copy of these proposed Findings and Recommendation, any party who wishes to object must file and serve written objections or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 150-51 (1985); 28 U.S.C. § 636(b)(1)(c); Fed. R. Crim. P. 59(b)(2); Fed. R. Civ. P. 72(b)" (DN 18, p. 28).  Other than his assertion that he should be allowed to file specific objections, Bradley mostly re-states the substantive arguments made in his § 2254 motion and his application for a certificate of appealability in the Sixth Circuit. Bradley fails to show any exceptional circumstances necessitating relief under Rule 60(b).

**III.**

For the reasons stated above and having carefully considered Bradley's motion and the arguments therein, the Court finds that he fails to present any basis for relief under Rule 60(b).

Accordingly, **IT IS ORDERED** that Bradley's motion for relief from judgment (DN 28) is **DENIED**.

Further, **IT IS ORDERED** that Bradley's motion for appointment of counsel (DN 29) is **DENIED** as moot.

Date:  December 16, 2016

**David J. Hale, Judge**
**United States District Court**

cc:     Petitioner Bradley, *pro se*
        Counsel for Respondent
4415.003

4